State vs. Henderson and Mickens.

### No. 8685.

THE STATE OF LOUISIANA VS. JOHN HENDERSON AND JONAS MICKENS.

In petty larceny there can be no accessory. Those who in grand larceny would be accessories before the fact, under our statute are principals in petty larceny. Hence, the following charge to the jury in a case of petty larceny is correct: When a person hires another to commit a theft, and for that reason the theft is committed by the person thus hired, and the person hiring for the commission thereof enjoys the benefit of the theft, such person is guilty of larceny, although absent at the time the theft is committed.

APPEAL from the Seventh District Court, Parish of Franklin. *Elam*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*D. B. Gorham* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This appeal is taken by John Henderson, who was indicted conjointly with Mickens, and convicted as a principal of the crime of petty larceny, and who complains of the following charge of the District Judge:

"That when a person hires another to steal a hog, and for this reason that person steals the hog, then the person hiring the theft to be committed, if he enjoys the benefit thereof, is guilty of larceny, although absent at the time the larceny of the hog was committed."

Appellant urges as error that the charge contemplates guilt as principal in a party whose absence from the commission of the felony could, at most, make him guilty as an accessory, and that in this case he could not have been held as accessory, because he was indicted as a principal.

It is well settled in jurisprudence that a party, not present, aiding or abetting in the commission of a felony, or not near enough to give assistance, if the occasion should arise, is not a principal, but an accessory.

And appellant quotes numerous authorities to show that the rule applies with equal force to larceny, which is also a felony under our statutes.

On inspection, we note that all these authorities have reference to cases of larceny under statutes which do not discriminate between grand and petty larceny.

The opinion in the case of State vs. Levy, 5 An. 66, was rendered in 1850, at a time when our statutes had not yet discriminated between the two degrees of larceny.

And on similar legislation were predicated the cases quoted from Russell, p. 30; Archbold, p. 66; Waterman, p. 8, Sec. 6.

But under statutes which recognize two different degrees of larceny, we understand that jurisprudence has established the rule that there can be no accessory to the crime of petty larceny, even when it is defined to be felony, as is the case with our present statute on the subject. Sec. 12, Act No. 124 of 1874.

We therefore hold, that in a case of petty larceny, the party who is not shown to have been present, or constructively present, at the commission of the theft, but would under the circumstances be guilty as an accessory to grand larceny, is guilty as principal in petty larceny. Bishop on Criminal Law, Sec. 680, and cases therein noted.

Understanding that the charge given in this case substantially embodies this rule, and is a practical application of this principle, we maintain it as correct.

Judgment affirmed.